UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN APPLEGATE,<br><br>   Plaintiff,<br><br> v.<br><br>KHALEL EL SAID,<br><br>   Defendant. | **CASE No. 1:16-cv-0958-MJS (PC)**<br><br>**ORDER TO SHOW CAUSE**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 6.) Plaintiff's July 5, 2016, complaint is now before the Court for screening.

**I. Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

1

Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.    Plaintiff's Allegations

At all times relevant to this action, Plaintiff was an inmate housed at California Correctional Institution in Tehachapi, California. He brings this action against a single defendant, Khalel El Said, who is named in his individual capacity only.

Plaintiff's claims can be fairly summarized as follows:

On December 2, 2015, Plaintiff was issued an ADA vest by custody supervisors in response to his request for certain ADA accommodations.

On December 15, 2015, Plaintiff was interviewed by Defendant following his filing of an ADA Reasonable Accommodation Request ("the ADA Request"). Plaintiff appeared at the hearing wearing the ADA vest. When Said saw the vest, he directed Plaintiff to

remove it, saying "Now get the fuck out of here before I have my cops fuck you up and give you a real reason to see a doctor."

Plaintiff claims this conduct prevented him from receiving care by Said, the harms of which are presented in a separate lawsuit. In this action, Plaintiff claims that the removal of the vest denied him the protections afforded by it, in violation of California Civil Code §51.7 and § 52.1. Plaintiff also claims that Said's conduct was in retaliation for Plaintiff's filing of the ADA Request as well as numerous grievances previously filed against Defendant.

Plaintiff seeks damages.

## IV. Analysis

Plaintiff's sole federal claim in this action is a First Amendment retaliation claim against Defendant. As noted supra, he acknowledges the existence of another case related to the December 15, 2015, incident, but does not identify it. He states only that the claims in the other case are limited to medical care claims and that they could not be brought in a single action because they were unexhausted at the time this case was filed. Plaintiff is not opposed to relating this case to the other case.

The Court has identified two other cases filed against Defendant Khalel El Said concerning the December 15, 2015, incident: Applegate v. Said, 1:16-cv-0289-JLT (filed March 2, 2016 ("the earlier-filed case")), and Applegate v. CCI, 1:16-cv-1343-MJS (filed September 12, 2016 ("the later-filed case")). In the later-filed case, Plaintiff's claim against Defendant Said appears to be limited to the provision of medical care. However, the operative pleading in the earlier-filed case specifically asserts a First Amendment retaliation claim against Defendant based on the same conduct at issue here. See Applegate v. Said, 1:16-cv-0289-JLT, ECF No. 14 at 12-17. It appears therefore that this action is subject to dismissal as duplicative of the earlier case.

**V.    Conclusion**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff shall show cause within fourteen days why this action should not be dismissed as duplicative of <u>Applegate v. Said</u>, 1:16-cv-0289-JLT. Plaintiff's response should be no longer than five pages.

IT IS SO ORDERED.

Dated:    December 23, 2016            /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE